■ In the Matter of TOMPKINS COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of MARGARET CAMPBELL, Respondent, v ROBERT ANDERSON, Appellant.—Levine, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered May 9, 1989, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child.

In September 1987, petitioner, on behalf of Margaret Campbell, commenced this support proceeding under Family Court Act article 4, alleging that respondent was the father of Campbell's minor child. Following the entry of an order of filiation, a hearing was held for the purpose of determining the amount of support payable by respondent. At the conclusion of the hearing, the Hearing Examiner made various findings regarding the income and expenses of Campbell and respondent, and ordered respondent to pay $37.50 per week for child support. Thereafter, respondent filed objections and Family Court affirmed the Hearing Examiner's decision and order. This appeal by respondent followed.

Respondent's first point on appeal is that the Hearing Examiner failed to adequately set forth both the factors she considered in reaching her decision and the reasons for her decision. However, pursuant to 22 NYCRR 205.36 (a), an order of support is required to be accompanied by written findings of fact which must "include, where applicable, the income and expenses of each party, the basis for liability for support and an assessment of the needs of the children". A review of the record in this case establishes that the Hearing Examiner's findings of fact are in complete compliance with the above requirements and, thus, we reject respondent's contention that anything additional is necessary.

Respondent's remaining argument is that the Hearing Examiner's determination, that his weekly income exceeds his reasonable expenses by $50 per week and that, therefore, he is able to pay support in the amount of $37.50 per week, is not supported by the credible evidence presented at the hearing. Respondent's main contention in this regard is that, in arriving at her support determination, the Hearing Examiner erroneously calculated his weekly income by dividing the year-to-date income for 1989 shown on his pay stub dated February 4, 1989, by five, the number of weeks worked by respondent in 1989. From an examination of respondent's first pay stub, dated January 7, 1989, it is evident that his total year-to-date

income exceeds his total income for the first pay period by roughly $140. Thus, we conclude that respondent's year-to-date income as of February 4, 1989 reflects more than five weeks of pay and that the Hearing Examiner's calculation of respondent's weekly income was necessarily inaccurate. Accordingly, the matter should be remitted for a new determination as to respondent's weekly income and, if appropriate, a corresponding adjustment in the amount of his support obligation.

Order reversed, on the facts, with costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this court's decision. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.